FILED
 2007 Jun-29  AM 09:19
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **THRESA LYNN WILLIAMS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. CV-07-BE-1126-E** |
| | ) |
| **ST. VINCENT'S HOSPITAL,** | ) |
| **& ALABAMA MEDICAID AGENCY** | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

### I. Introduction

This Plaintiff brings this suit, *pro se*, against St. Vincent's Hospital of Birmingham, Alabama, and the Alabama Medicaid Agency, a state agency administering a federal program. Plaintiff apparently alleges that the hospital and the state agency, together with other persons and entities not parties to this action, violated her civil rights as a citizen of the United States. Plaintiff thus invokes jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons discussed herein, the court **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis*, but finds that this case is to be **DISMISSED** *sua sponte* under 28 U.S.C. § 1915(e)(2) for frivolity and failure to state a claim on which relief can be granted. Consequently, the Motion for Appointment of Counsel is **DENIED**.

## II.  Facts

Plaintiff submits that Dr. Gray Buck performed major surgery on her due to peritonitis, post Dr. Jeffrey Gunnells' laser surgery done to remove endometriosis.  Both physicians work out of St. Vincent's Hospital in Birmingham.  Plaintiff further contends that during these surgeries, the lining of her intestines was severed, and someone, in possible coordination with some entity, then placed a "monitoring device" somewhere in her body.  Plaintiff alleges that this device, which only a government official would have access to, "monitors . . . conversation and thoughts."  Although she claims that she ordered several tests (*i.e.*, x-rays, CT Scans, etc.) performed to ascertain the location of this "device," she contends that no doctor will agree to read the tests that she has in her possession.

Furthermore, Plaintiff contends that her niece, Ms. Scales, told Mrs. Rona Pruitt, the wife of Alabama State Senator Jim Pruitt, of a supposed affair between Plaintiff and Sen. Pruitt.  Moreover, Plaintiff submits that women associated with Sen. Pruitt then hired Ms. Scales to infect other individuals with the Herpes-Simplex II Virus while using Plaintiff's name.  She contends that now she has contracted the virus, via food consumption, and that she was somehow infected through this broad conspiracy.  She alleges that the infection of the virus is related to the sub-dermal "monitoring device" in that the conspirators contacted Dr. Buck and the Alabama Medicaid Agency as an elaborate ploy to monitor Plaintiff's thoughts and conversations, as well as planted listening devices in her mother's home, car, and Plaintiff's office.

The Plaintiff thus petitions this court to allow her to prove the existence of this "monitoring device," by reading the aforementioned tests.  Plaintiff prays for compensatory and punitive damages.

### III.  Discussion

This case concerns the following: 1) whether the court has subject matter jurisdiction over this case as filed, *pro se*; 2) whether the court should grant leave to proceed with this action *in forma pauperis*; and if so, 3) whether the court should appoint counsel.

### A.  Plaintiff Has Sufficiently Alleged Subject-Matter Jurisdiction Pursuant to 28 U.S.C. § 1331.

In statement three of her "General Complaint Form for *Pro Se* Litigants," the Plaintiff attempts to employ the following grounds for jurisdiction: personal injury, medical malpractice, civil rights violations, "other statutory actions," assault, libel and slander.  She further attempts to utilize 18 U.S.C. § 1113, a criminal statute, which she does not have standing to invoke.  The named Defendants are all residents of Alabama, as is the Plaintiff.[1]  Thus the only basis for jurisdiction would be federal question jurisdiction, pursuant to 28 U.S.C. § 1331, with the invocation of "civil rights violations."  The court construes Plaintiff's complaint liberally, and finds that it does sufficiently plead subject-matter jurisdiction based on the possible federal question involved in her claim of "civil rights violations."

### B.  Plaintiff May Proceed *in forma pauperis*.

28 U.S.C. § 1915(a) governs proceedings *in forma pauperis*.  The statute allows that

> . . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein without repayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . the the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that

---

[1] Therefore, with regard to any state law claims, the court does not have jurisdiction on the basis that the case involves adverse parties of diverse citizenship.  *See* 28 U.S.C. § 1332

the person is entitled to redress.

28 U.S.C. § 1915(a)(1). The court thus holds broad discretion to allow a case to proceed *in forma pauperis*.

In Plaintiff's affidavit, she claims some $101,000 in debt, including a first mortgage, second mortgage, and credit card debt. She notes an approximate annual income of $42,000 and owns two "lots" valued at $1500.00 each. She has no equity in her home and claimed that, on the date of affidavit, she only had approximately $45.00 in cash-on-hand (including checking and savings accounts). Based on this information, the court **GRANTS** the Plaintiff permission to proceed *in forma pauperis*, without payment of fees, pursuant to 28 U.S.C. § 1915(a).

**C.  Plaintiff's Claims Should Be Dismissed Pursuant to 28 U.S.C. § 1915(e)(2).**

The law requires courts to exercise a certain degree of deference in construing the complaints of *pro se* plaintiffs. *See Harris v. Kerner*, 404 U.S. 519, 520 (1976); *Tannenbaum v. United States*, 148 F.2d 1262, 1263 (11th Cir. 1998). Although the court does not question the sincerity of Plaintiff's claims, the court questions the legal merit supporting such claims. Over the past five years, the Plaintiff has filed three similar causes of action with this court. The court dismissed all three of these cases, each "far-fetched" although unquestionably guileless, based on the fact that the contentions submitted did not state a claim on which relief could be granted.

28 U.S.C. § 1915 provides that "the court *shall* dismiss the case at any time if the court determines that- . . . (B) the action or appeal- (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B) (emphasis added). The court concludes that the claims alleged in this case are due to be **DISMISSED**, *sua sponte*, to serve the interests of judicial economy and public policy, based on frivolity and failure to state a

claim on which relief may be granted.

### D.  Plaintiff is Not Entitled to Appointment of Counsel.

Because of the lack of merit of Plaintiff's claims, the court refuses to appoint counsel as requested.  No Sixth Amendment implications exist because this is a civil, not a criminal, matter. The court thus declines to exercise its discretion to appoint counsel *in forma pauperis*.  The motion, therefore, is **DENIED**.

## IV.  Conclusion

Based on the foregoing analysis the court **GRANTS** the Plaintiff's Motion to Proceed *in forma pauperis*; **DENIES** Plaintiff's Motion to Appoint Counsel; and **DISMISSES** the case, *sua sponte*, for frivolity and failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2).

A separate Order in conformity with this memorandum opinion will be entered.

DONE and ORDERED this 29 th day of June, 2007.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE